CHARLES HAAS ET AL v. AMERICAN NATIONAL BANK OF AUSTIN.

Decided February 28, 1906.

**1.—Innocent Purchaser—Note of Married Woman.**

A purchaser of a promissory note executed by a married woman must take notice of her disability by coverture and of the existence or nonexistence of the facts authorizing her, as such, to make the contract.

**2.—Married Woman—Necessaries—Education of Child.**

The education of a minor, not their child, was not such a necessary as the wife, in the husband's absence, could bind herself for by making it a member of the family and executing a promissory note for its tuition.

**3.—Same—Tuition in Business College.**

The tuition in a business college of their daughter, who had already received a common school education, might be among the necessaries for which the wife, during the husband's absence in a foreign country, could execute a valid promissory note.

**4.—Same—Contract for Future.**

The power of the wife to contract for necessaries is not limited by the statute to payment therefor as received, and where circumstances justify, may support a contract to pay for tuition for a child covering a year in advance.

Appeal from the County Court of Travis County. Tried below before Hon. Jno. W. Hornsby.

*D. W. Doom, D. H. Doom* and *L. A. Hill,* for appellants.—Where the pleadings show that the debt sued for is upon notes executed by a married woman alone, and not joined by her husband, and that the consideration for said notes was certain scholarships for tuition, and said pleadings further show that the said education was not fully furnished, but was to be furnished, the same is not a debt for which a married woman can bind the community estate of herself and husband. Rev. Stats., art. 2970; Tiffany on Domestic Relations, p. 238.

There was no statute or other law to permit the said Mrs. M. A. Haas, a married woman, to place herself in loco parentis to Wm. F. Ott, who was at that time 20 years of age and with ample means of his own, and then make a contract for a debt for necessaries for him, he not being the child of these defendants or either of them, and in that way bind herself and her husband for the payment of such debt. Rev. Stats. of Texas, art. 2970; Hamilton v. Peck, 38 S. W. Rep., 403; Walling v. Hannig, 73 Texas, 581; Tiffany on Domestic Relations, p. 238, Am. and Eng. Ency, Law, vol. 15, p. 876.

The note of a married woman, unless joined by husband, or executed by his authority, is void, and an innocent holder for value is not protected. Daniel v. Mason, 90 Texas, 240; Daniels on Neg. Instruments, 3d ed., secs. 806, 807.

*Wm. Brueggerhoff,* for appellee.—In answer to the contention of appellants that the words in this article, "necessaries furnished," refer to an act done, and, therefore, the issuing by D. A. Griffitts of the scholarships to Rena Haas and Willie F. Ott, entitling each of them to schooling, is an act not covered by the statute, as the two children

had to first enroll in the school, begin their studies, and it would naturally and necessarily take some months for each of them to get the benefit of the subjects taught to be proficient in them, hence a married woman could make no such a contract, see Rev. Stats., art. 2970; Butler v. Robertson, 11 Texas, 144; Emerson v. Kneezell, 62 S. W. Rep., 551; Rhodes v. Gibbs, 39 Texas, 444; Magee v. White, 23 Texas, 193; Harris v. Williams, 44 Texas, 124; Hawkes v. Robertson, 40 S. W. Rep., 548; Wadkins v. Watson, 86 Texas, 197.

Education for minor children is necessary, and the four scholarships issued by D. A. Griffitts, principal of the Business College, entitled both Rena Haas and Willie F. Ott to all the special branches taught in the commercial and stenographic course, and the parent as well as the children desired the schooling. Rev. Stats. (1895), art. 2621; Rev. Stats. (1895), art. 2622; Rev. Stats. (1895), art. 2630; Kendrick v. Wheeler et al., 85 Texas, 252; Schrimpf v. Settegast, 36 Texas, 302; Speer on Married Women, pars. 51, 52, 54, 56, 57, 294, 296; W. S. Simpkins' Equity as Applied in the State and Federal Courts of Texas, pp. 176-178.

FISHER, CHIEF JUSTICE.—This suit is by the American National Bank against D. A. Griffitts, Charles Haas and Mrs. M. A. Haas on a note executed by D. A. Griffitts to the bank for the sum of $100, which was secured by two notes deposited by Griffitts as collateral, each for the sum of $75, executed January 5, 1901, by Mrs. M. A. Haas, payable to Griffitts. Charles Haas and his wife M. A. Haas were joined for the purpose of foreclosing the lien of the bank on the notes executed by Mrs. Haas to Griffitts and held by the bank as collateral security. The main controversy in the case is as to the liability of Charles Haas and his wife Mrs. M. A. Haas. They pleaded that they were not liable on the notes executed to Griffitts, for the reason that Mrs. Haas had no authority to execute the same.

Plaintiffs replied that the two notes were executed in consideration of four scholarship certificates, issued by D. A. Griffitts, who was conducting a commercial school, two in favor of Lena Haas, the daughter of Charles Haas and Mrs. M. A. Haas, and two in favor of Wm. F. Ott, who was a member of the family of Charles Haas and wife, who stood in *loco parentis* to said Ott, both of the children at the time being minors; and that the scholarships entitled both to pursue a course in the business college then conducted and carried on by Griffitts; that the scholarships and education in this capacity of Lena Haas and William Ott were necessaries. Plaintiffs also pleaded that the bank was the holder for value of the notes, without any notice of any vice or defect in them, or want of authority upon the part of Mrs. Haas to execute the same.

The trial court, in submitting the case to the jury, left to their determination whether Wm. Ott was a member of the family of Haas and wife, and whether the education of Lena Haas and Ott could be regarded as a necessary within the meaning of article 2970, and whether the debt and the notes contracted for that purpose were reasonable and proper, as required by article 2971, Sayles' Civil Statutes. As to these questions, the verdict of the jury was in favor of the plaintiff, to the

effect that the plaintiff recover of Griffitts the amount of the notes executed by him, and also against Haas and wife the sum of $150, the amount of the notes executed by them.

The contention of the bank that it should be accorded the protection afforded to an innocent purchaser of negotiable paper must be laid aside. It must take notice of the coverture of Mrs. Haas, and the existence or the want of existence of the circumstances and facts that would authorize her to execute a contract such as is authorized by article 2970, Sayles' Civ. Stat. Daniel v. Mason, 90 Texas, 240.

So much of the verdict and judgment against Haas and wife as is based upon the notes that represent the scholarship of Ott can not be maintained by the evidence. It is true that Haas, during the time that young Ott was brought into the family, was absent and intended to be absent for some time; and there is evidence tending to show that during his absence his wife, Mrs. Haas, usually and ordinarily did as she pleased, and performed such duties with reference to the management of the marital affairs and property, and looking to the care and custody of the child Lena and in providing for the domestic necessities and wants of the family as might be proper and necessary. But all this would not justify her, without the consent of her husband, in adopting a child, or permit her to bring one into the family that would be a charge upon the separate estate of the husband or the community estate of both. The evidence shows that what property they possessed is community. It is unnecessary for us to discuss the facts that lead us to the conclusion that Ott was not such a constituent of the family as would justify Mrs. Haas, under the circumstances, in entering into the contract to provide him with the tuition represented by the scholarship certificates.

It is seriously contended by the appellants that the tuition of the daughter Lena was not a necessary, such as is provided for by articles 2970 and 2971. She had received a common school education, such as is furnished by the public schools of the city of Austin. But it is clear from the evidence that it was the purpose and desire of her and her mother, Mrs. Haas, that she should receive a business education, in order to fit her for an avocation in life, and especially with a view of assisting the mother in a business in which the mother desired to engage. At the time that these scholarship certificates were issued and the notes were executed, Mr. Haas was absent in the Empire of Japan, and expected to be absent for some time, and was absent, as the evidence shows, for about a year after the daughter commenced to attend the business college. The management of the child, and the usual authority exercised by both parents, if present, was left to Mrs. Haas during the protracted absence of her husband; and it appears that during such time she generally exercised such duties and authority as the husband could or would have exercised, if present. The evidence shows that their means and income would have justified the expenses and charges incurred in the tuition furnished the daughter in the pursuit of the business course. To pursue this course would require about a year's time. She attended the school about a month and then quit.

The authorities are generally agreed upon the question that an or-

dinary education may, in this day, be regarded as a necessary; but as to the question whether an education in a special line, as fitting one for some avocation or profession in life is a necessary, there is a decided conflict of authority. But we apprehend that the principle is well settled that, in ascertaining whether any particular matter or thing is a necessary, we must look to the facts of the particular case; for what might be regarded as a necessary in one family under certain conditions and circumstances, the same thing might not be regarded as a necessary when contracted for in a different family. The facts and circumstances in the record justify the conclusion that the benefit expected to be received by the daughter Lena by virtue of the course through the business college could be regarded as a necessary; but the most difficult question that we have had to encounter in the determination of this case is whether the contract in its form as executed by Mrs. Haas was reasonable and proper within the meaning of article 2971.

The admission of the fact that the thing purchased or contracted for may be a necessary, does not imply that the form of the contract under which it is to be provided should, in all cases, be considered reasonable and proper. As preliminary to the beginning of the business course Mrs. Haas executed the notes in question; then the scholarship certificates were issued and delivered to her. The evidence tends to establish the fact that the time necessary to complete the course would cover a period of about a year. The appellants contend that the statute merely allows the wife to contract for necessaries when actually furnished, and does not contemplate that it should embrace a long time in the future for the performance of the terms of the contract. This construction is too restricted. Whether it should allow some latitude in the operation of the contract as to future transactions must, in the nature of things, depend to some extent upon the subject and the nature of the thing contracted for. It has been held that the wife has the power to contract for the necessary improvement of her separate property, for the necessary preservation of the community property during the protracted absence of the husband, for plans and specifications to be used in the erection of buildings on her separate property, for the rent of a residence which was necessary and which was expected to be occupied in the future. Other instances of this nature might be mentioned, which all tend to show that the application of the statute would depend upon the nature of the subject matter of the contract.

Now if it was proper for the wife to make a contract for the business education of her daughter Lena, on the ground that it was a necessary, it was impossible, as demonstrated by the facts, that that purpose could be accomplished within a month's time, or probably within any time short of the period of time established by the evidence in this case. Now this brings us to the question whether the contract is reasonable and proper, in view of the special circumstances of the case. The court left the determination of this question to the jury; and there were facts in the record which would justify the conclusion that, in view of the pecuniary condition of the husband and wife and the income received by the husband, that the sum agreed to be paid was reasonable, and that the circumstances were such that it was proper for the daughter

to receive the benefit of the business course expected to be furnished her. There is no suggestion raised by the evidence that at the time the contract was entered into there was any expectation that the situation, pecuniary and otherwise, of the family would be changed before the period of time necessary to the education of the daughter would have elapsed. In fact, the testimony shows that since that time and during the continuance of the period within which the daughter could have received the instruction, the situation of the family has not changed for the worse. The expression "reasonable and proper," as used in the article of the statute named, should be given some weight, and its proper application in each case as it arises. The mere fact that the articles or the services or the thing contracted for may be a necessary at the time that the contract was made does not necessarily create the power upon the part of the wife to contract for it, or to make a binding contract in relation thereto that should continue to operate in the future for the time agreed upon, independent of the consideration of the fact whether such thing and its agreed price, or time of performance agreed upon was reasonable and proper.

As said before, the evidence shows that the daughter Lena attended the school about a month and then voluntarily quit; and it is also shown that the school has been, and up to the present time is, in existence, and that the benefit of the course is still open to her. If after the execution of the contract she had been denied the education expected, or had died, or the situation and condition of the family had materially changed, then we might have held that, while the tuition could have been regarded as a necessary at the time that the contract was made, it would not be proper, and it would be unreasonable to enforce it except to the extent of the benefits received. This is by analogy illustrated in the case of Peck v. Cain, 63 S. W. Rep., 179.

The judgment of the trial court in favor of the bank as against Griffitts will be affirmed, and will be affirmed as to the appellants Haas and wife to the extent of one-half of the amount of the judgment of the trial court, and as to the remaining half, the judgment will be reversed and here rendered in their favor; and that they recover the costs of this appeal.

*Affirmed in part and reversed and rendered in part.*