Flora E. Billingsly et al. v. Swenson Land Company.

Decided December 1, 1909.

**1.—Married Woman—Contract—Sale of Separate Property.**

A married woman can not bind herself by contract except for necessaries or for expenses incurred for the benefit of her separate property. A contract to pay a commission for negotiating a sale of her separate property is not, in itself, one for expense for the benefit of same and does not bind her.

**2.—Same.**

A married woman contracted with a land agent for sale of her separate real property by him on commission of all above $15.50 per acre realized. He negotiated a sale at $19.00 per acre, but she and her husband refused to convey and the agent sued them for his commissions. There was no proof beyond the contract itself that it was for the benefit of her separate estate. Held, that plaintiff was not entitled to recover.

Appeal from the County Court of Parmer County. Tried below before Hon. W. L. Townsen.

*Knight & Slaton,* for appellants.—A contract by a married woman for the sale of her separate real estate is not a contract "for the benefit of her separate property" within the meaning of article 2970; Simkins on Contracts and Sales, page 95; Jones v. Goff, 63 Texas, 248; Speer on the Law of Married Women, page 50, and especially page 62; Cushman v. Masterson, 64 S. W., 1031, and cases there cited.

*Barcus & North,* for appellee.—Where a married woman purchases real estate with her separate funds for the purpose of speculation, the sale at an advanced price of such property so purchased, would be for the benefit of her separate estate. Hollis v. Francois & Border, 5 Texas, 195; Cartwright v. Hollis, 5 Texas, 153; Evans v. Breneman, 48 S. W., 81; Speer on Married Women, p. 62.

KEY, ASSOCIATE JUSTICE.—The Swenson Land Company brought this suit against Mrs. Flora E. Billingsly and her husband, L. K. Billingsly. The petition upon which the case was tried alleged that the plaintiff was a broker engaged in selling real estate for others on commission, and that Mrs. Billingsly, who was a married woman, authorized the plaintiff to sell a certain tract of land, the separate property of Mrs. Billingsly; that by the terms of the contract the land was to be sold for $15.50 per acre, net to Mrs. Billingsly, and the plaintiff was to have all over that sum as a commission for effecting the sale. It was also alleged that the contract referred to was for the benefit of Mrs. Billingsly's separate property. It was then alleged that after the making of the contract referred to the plaintiff sold the land to one Snodderly for $19 per acre, and that by reason thereof the defendants became liable to the plaintiff at the rate of $3.50 per acre on the 160 acres of land, and for the aggregate sum of $560. The petition did not allege that the plaintiff had procured a purchaser willing, able and ready to buy the land, and that defendants had refused to sell to such purchaser. On the contrary, it alleged that the plaintiff had sold the land, but did not state who had received the purchase money. However, it is not necessary to consider the petition further than to explain that it does not allege that L. K. Billingsly, the husband, was a party to the contract between the plaintiff and his wife.

The defendant's answer contained a general demurrer, certain special exceptions and a general denial. There was a nonjury trial which resulted in a judgment against Mrs. Billingsly for the amount sued for and directing execution to issue against her separate property, or the community property of herself and L. K. Billingsly. The defendants have appealed and assail the judgment as being unsupported by the testimony.

In this State a married woman can not bind herself for debts by ordinary contract, except as authorized by art. 2970 of the Revised Statutes, which confers the power upon the wife to contract debts

for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property. It is under that statute that the plaintiff is attempting to maintain this suit. Both the testimony and the plaintiff's petition show that Mrs. Billingsly was a married woman at the time she made the contract sued on. That contract was not binding upon her, and the plaintiff had no right to enforce it, unless proof was furnished showing, as alleged in the plaintiff's petition, that the contract was made for the benefit of her separate property. The statement of facts fails entirely to disclose any such proof. It shows that the plaintiff found Mr. Snodderly, who was willing to buy the land, and that he entered into a written contract to purchase it at $19 per acre, and that the defendants refused to make the sale. It is suggested in appellee's brief that where a married woman purchases real estate for speculation, a sale of such property at an advanced price would be for the benefit of her separate estate within the meaning of the statute. We do not endorse that proposition. It has been held by our Supreme Court that a note signed by both husband and wife for the purchase money of land conveyed to the wife (even as her separate property) is not binding upon the wife so as to constitute a charge against her separate estate. (Lynch v. Elkes, 21 Texas, 229.) If a married woman can not bind her separate estate by a contract to pay for property which she desires to add to her separate estate, it ought not to be held that she is bound by her separate contract creating a debt for the purpose of selling and thereby divesting herself of her separate property. However, in this case the proof does not show how much Mrs. Billingsly paid for the land in question, and therefore it does not appear that it was being sold for a profit. But if it cost Mrs. Billingsly nothing, it is fair to assume that it was worth $19 per acre, as Snodderly agreed to purchase it at that price, and if that sale had been consummated and the plaintiff had received the commission now sued for, Mrs. Billingsly would have parted with her land for $3.50 less than its value; and it would be difficult to see how her separate estate could be benefited by such result. In the absence of any testimony showing a special reason for so doing, the sale of property for considerably less than its market value can hardly be said to be beneficial to the owner who sells such property.

We are familiar with the line of cases which hold that a married woman can mortgage her separate estate to secure another person's debt. That ruling is based upon a provision of the statute regulating the sale of separate property. It requires a conveyance signed by both husband and wife and properly acknowledged; and the cases referred to hold that the power to sell, in the manner prescribed, includes the power to mortgage, in the same manner. That rule has no application in this case. This contract was not a conveyance, was not signed by the husband nor acknowledged by the wife. (Hall v. Dotson, 55 Texas, 520.)

When analyzed the plaintiff's case consists of nothing but a separate contract with a married woman by which she undertook to bind herself to pay the plaintiff for negotiating a sale of a certain

tract of land, which was her separate property, and such contract does not come within the purview of art. 2970, which authorizes a married woman to bind herself by contract for expenses incurred for the benefit of her separate property. (Strotter v. Brackenridge, 51 Texas Civ. App., 170, 118 S. W., 632, 634.)

There is nothing to indicate that other testimony may be secured to strengthen the plaintiff's case, and therefore the judgment will be reversed and here rendered for appellants, who were defendants in the court below.

*Reversed and rendered.*