H. T. HALL, EXECUTOR, v. WILLIAM A. DECHERD ET AL.

Decided October 22, 1910.

**1.—Husband and Wife—Contract by Wife, Invalid.**

Promissory notes executed by a married woman without the knowledge or consent of her husband are not binding upon either the husband or wife.

**2.—Same—Mortgage—Foreclosure Without Personal Judgment.**

Where a married woman, without the knowledge or consent of her husband, bought a piano and executed promissory notes for the purchase money and gave a mortgage on the piano to secure the notes, the owner of the notes, although not entitled to a personal judgment for the debt against either the husband or the wife, would be entitled to a judgment establishing his debt and a foreclosure of the mortgage lien and a sale of the piano for payment of the debt.

**3.—Same—Married Woman—Contract Induced by Fraud.**

Where a married woman is induced by fraudulent representations of the seller as to the value of the article sold, to buy and promise to pay a price largely in excess of the value of the article, the seller is entitled to recover only the market value of such article.

Appeal from the County Court of Johnson County. Tried below before Hon. J. B. Haynes.

*Davis & Davis,* for appellant.

*S. C. Padelford,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by H. T. Hall, executor of J. F. Wade, deceased, against William A. and E. Decherd, husband and wife, and Anna Blucher, a minor, to recover on eight promissory notes for $10 each, executed by E. Decherd, payable to J. F. Wade, and held by plaintiff as executor of said Wade; and to foreclose a chattel mortgage given to secure said notes on a piano alleged to be worth at the time of filing the petition from $250 to $275.

Plaintiff alleged that Wade on November 13, 1906, sold and delivered

to William A. Decherd through the defendant, E. Decherd, a piano for $300, for which amount thirty notes were executed for $10 each, and a chattel mortgage given on said piano to secure the payment of said notes. That the piano was delivered to the said William A. and E. Decherd at their home in Cleburne, Texas, etc. That all of said notes were paid except the last eight, held by plaintiff as executor. That said mortgage was filed in the office of the county clerk of Johnson County, Texas, and same was, without consent or authority of Wade or plaintiff, taken out of said office by defendants; that said mortgage is in full force and effect. It was alleged that E. Decherd was authorized by W. A. Decherd to execute said notes and mortgage. Plaintiff averred that should he be mistaken in the fact that E. Decherd bought said piano as the agent of William A. Decherd or for their community estate, then she bought same and executed said mortgage and notes as the agent of her two sons, Fred Blucher and Carl Blucher, and that if said two sons, through their mother, E. Decherd, as their agent, gave said piano to Anna Blucher, that said Anna Blucher took same subject to the payment of said notes and mortgage. It was alleged that Anna Blucher was a minor. The refusal of defendants to pay said notes was alleged and a prayer that said mortgage be adjudged to be in full force and effect and that plaintiff have judgment against William A. and E. Decherd for said eight notes and that the mortgage be foreclosed; and that should it appear that the piano was purchased by said Bluchers and given to Anna Blucher, that plaintiff's debt as evidenced by said eight notes be established and said piano condemned under said mortgage and ordered sold to satisfy said debt.

All of the defendants plead a general denial, and Mrs. E. Decherd plead her coverture. Anna Blucher plead that she was and is a minor, and all of them plead that Fred and Carl Blucher are residing in and have always been resident citizens of Texas, the one of Johnson County, and the other a resident citizen of Galveston County. William Decherd further plead that the piano was purchased over his protest and against his approval, and that the same was not purchased for him or for the community, and that he never at any time or in any way ratified the purchase of the said piano, and knew nothing of the execution of the notes and the mortgage until after this suit was brought, and he plead *non est factum* as to the notes and the mortgage sued upon. The defendants further plead failure of consideration of the notes sued on, in this, that the sale of the piano to Mrs. Decherd was procured by fraud; that the piano was sold to Mrs. E. Decherd by the agent of the deceased, J. F. Wade, and that he represented at the time that the piano was a $450 piano and cost originally $450; that the defendant, Mrs. E. Decherd, not being familiar with pianos and the prices of pianos, the agent said he would sell it to her at the reduced price of $300; that the piano was obtained as a sample, and that for that reason he would knock off $150 from the original purchase price of the piano, and sell it to her for $300 instead of $450; that the said representations were false, in

this, that the original purchase price of the piano was only $180, and that it was worth only $180, and that Mrs. Decherd had paid more than the value of the piano, towit: that she had paid $220 on the piano of the principal amount and all of the interest.

The jury, under the charge of the court which properly submitted those issues, found that the piano was not purchased by William A. Decherd or by Mrs. Decherd as the agent of her husband, William A. Decherd, and that it was not bought for their community estate. These findings are supported by the evidence. Appellant's agent who sold the piano, testified that William Decherd had nothing to do with buying the piano, that he did not sell it to him and that he did not rely on him to pay for it. The evidence further shows that Mrs. Decherd purchased the piano for her two minor sons, Carl and Fred Blucher, that they might make it a Christmas present to their sister. . They furnished the money, $220, which their mother paid on the notes given by her for the piano.

The jury found that neither William Decherd nor the community estate was liable on the notes. This finding, under the facts, was correct. Richburg v. Sherwood, 102 S. W., 905. Mrs. Decherd being a married woman at the time of their execution was not liable thereon because of her coverture. Carl and Fred Blucher being minors when the notes were executed were not liable thereon. They were not parties to the notes, nor were they made parties to the suit. There was then no party against whom personal judgment could be rendered for the amount due on the piano. Under the facts, the appellant was not authorized to recover a money judgment against any of the parties sued; but the evidence shows a state of facts entitling him to a judgment establishing his debt, and a foreclosure of his lien against the piano. Heard v. McKinney, 1 Posey's Un. Cases, 85; Solomon v. Skinner, 82 Texas, 345. The court then should have instructed the jury to ascertain the balance due on the piano and rendered judgment of foreclosure for said amount, it appearing the piano was in the possession of Anna Blucher and that she acquired the same subject to the claim for the balance of the unpaid purchase money.

The appellant requested a charge on this line which the court refused and his refusal is assigned as error. While we are not prepared to approve the charge as requested, yet the court's failure and refusal to give a charge submitting this issue was error, for which the judgment must be reversed.

If Mrs. Decherd, however, was induced to purchase the piano for her sons and to pay $300 therefor by reason of the fraud of the agent making the sale, and said piano was not at the time worth more than $180, which the said agent knew at the time, and but for said fraud she would not have purchased the same, then the appellant could only recover the market value of said piano at the time of the sale, less the several sums paid. This issue was raised by the pleadings and evidence but the court failed to submit the same to the jury.

In view of another trial we have been induced to pass upon this issue in the case.

The judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

Appellees have filed a motion for rehearing in this case and in said motion complain of our action in reversing the judgment as to William A. Decherd and his wife, E. Decherd, and contend that the judgment as to said parties should be affirmed. In the opinion it was held that under the facts neither Decherd nor his wife was liable on the notes for debt sued on. This being true, the judgment should not be reversed as to them, and their motion for rehearing must be sustained and the judgment as to them affirmed. The judgment in other respects is reversed and the cause remanded to be tried in accordance with the original opinion.

The costs of this appeal are taxed against appellant.

*Affirmed in part and reversed and remanded in part.*