SHAW et al. v. PROCTOR et ux. (No. 7615.)

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1917. On Motion for Rehearing, March 24, 1917.)

1. HUSBAND AND WIFE ☞85(3) — DISABILITIES OF COVERTURE—CONTRACTS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4624, providing that neither the separate property of the husband nor the.community property, other than the personal earnings of the wife, and the income, rents, and revenues from her separate property, shall be subject to her debts, except for necessaries, and the wife shall never be the joint maker of a note without the joinder of her husband, a note by the wife without being joined by the husband is a nullity, and she cannot be legally bound thereon.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 334, 339.]

2. HUSBAND AND WIFE ☞238(5)—ACTIONS—JUDGMENT—VACATION.

A judgment on a note executed by a wife, without being joined by her husband and without his consent, will be set aside on direct attack, though she appeared by attorney and did not set up coverture.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 860.]

3. HUSBAND AND WIFE ☞238(6)—JUDGMENT —RECOVERY OF MONEY.

Where a married woman failed to appear or defend garnishment proceedings on a judgment against her, she cannot recover an amount paid thereunder on the ground of invalidity of the judgment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 861.]

On Motion for Rehearing.

4. APPEAL AND ERROR ☞1175(1) — DISPOSITION OF CAUSE—REVERSAL—RENDITION OF JUDGMENT.

A judgment refusing to vacate a judgment against a married woman, on a note signed by her without her husband joining and without his consent, and merely enjoining the execution thereof, will be reversed and rendered, to declare the former judgment void.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573, 4575, 4576, 4583–4587.]

5. HUSBAND AND WIFE ☞238(5)—ACTIONS—JUDGMENT—VACATION.

In an action to set aside a- judgment rendered against a wife upon a note which she signed without her husband joining, and against others, the husband was a necessary party, and the other defendants in the former action, who were in no position to have the judgment set aside, were not necessary parties.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 860.]

6. HUSBAND AND WIFE ☞238(5)—JUDGMENT —VACATION—ACTION—CONFORMITY OF JUDGMENT TO ISSUES.

An amended petition, alleging that the court was without jurisdiction to render a judgment against a married woman, one of the plaintiffs in the present action, with allegations duly attacking the judgment, and praying that it be set aside and vacated, and closing with a prayer for such other and further relief, both general and special, in law and in equity, as the plaintiffs may show themselves entitled to, was sufficient for the granting of relief to vacate the judgment.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 860.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Fred J. Proctor and wife against O. W. Shaw and another. From a judgment for plaintiffs, defendants appeal, and plaintiffs file a cross-assignment of error. Affirmed in part, and in part reversed and rendered.

Adams & Stennis, of Dallas, for appellants. Lewis & Roark, of Dallas, for appellees.

RAINEY, C. J. Appellee sued appellants in the county court at law to set aside a judgment in cause No. 20340 in said court, wherein appellants were plaintiffs and Nettie Temple Proctor, one of the appellees herein, and Louis F. Proctor, were defendants, and to recover from appellants the sum of $205.65, which had been collected under a writ of garnishment bond on said judgment, and to enjoin appellants from selling certain furniture levied on by virtue of.an execution issued on said judgment, and from attempting to enforce said judgment, alleging that said furniture was the community property of appellees, and was exempt, said appellees constituting a family. Appellants answered, alleging that the judgment against the said Nettie Temple Proctor in said cause No. 20340 was a valid judgment, and that appellants were not seeking to levy on any exempt furniture of appellees as a family, but were seeking only to levy upon so much of said furniture as was not exempt. The case was tried on its merits, and judgment rendered in favor of appellees, vacating said judgment in said cause No. 20340; that the furniture levied on was exempt; that the obligation upon which said judgment was based in cause No. 20340 was not for the benefit of Nettie Temple Proctor's separate estate, and was not for necessaries for herself and children; and that the furniture was exempt. The trial court further held that the recovery of said $205.65 was a misjoinder of causes of action and was eliminated from the case. O. W. Shaw and H. L. Tenison prosecute this appeal.

The controlling point in this case is dependent upon the validity of the judgment rendered against Nettie Temple Proctor in cause No. 20340. The basis of that judgment was a promissory note executed by Nettie Temple Proctor and her son, Louis F. Proctor. At the time of the execution of said note Nettie Proctor was a married woman, and she did not execute said note with the knowledge or consent of her husband, Fred J. Proctor. Said note was not given for the benefit of her separate estate, nor for necessaries for herself and children, but was executed to accommodate her son in a business transaction. The note was transferred to an innocent purchaser, who knew nothing of Nettie Proctor being a married woman. She answered in said cause, and was represented by an attor-

ney, but coverture was not pleaded by her. At the time she was operating a rooming house, and for several years during that time her husband, Fred J. Proctor, was in bad health, and stayed out West with his daughter, coming into the city occasionally. They were never divorced, and both testified they were not separated. The appellants never knew of her being married, and supposed she was not married. She settled all the bills and purchased all the furniture. Fred J. Proctor testified that he frequently sent her money while he was out West. She deposited money in the bank in her own name, and $205.65 was garnished, but she never defended, and said amount was credited on the judgment.

[1] Vernon's Sayles' Civil Statutes 1914, art. 4624, provides:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children: Provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

A note being signed by the wife without being joined by the husband is a nullity, and she cannot be legally bound thereon. Billingsly v. Land Co., 58 Tex. Civ. App. 67, 123 S. W. 194; Hall v. Decherd, 62 Tex. Civ. App. 426, 131 S. W. 1133; Thompson v. Morrow, 147 S. W. 706; Newton v. Puente, 131 S. W. 1161.

[2] This was a direct attack to set aside and vacate the judgment in cause No. 20340, brought by the husband and wife, and it being shown that it was founded on a note executed by the wife, and not authorized or consented to by the husband, and not for a debt authorized by the statute, the trial court was not empowered to render judgment against the wife thereon, and said judgment is not enforceable against the property of herself and husband. Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 216; Haas v. Bank, 42 Tex. Civ. App. 167, 94 S. W. 439; Trimble v. Miller, 24 Tex. 215; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537. In the case last cited, supra, it is shown where a married woman signed an appeal bond without being joined by her husband, and Mr. Gaines, Chief Justice, said:

"The execution of the bond by Mrs. Cruger being a nullity, it follows that the Court of Civil Appeals did not acquire, by such execution, jurisdiction to render judgment against her."

So in this case, the note having been signed by Mrs. Proctor without being joined by her husband, in the suit on the note the court did not have the power to render judgment thereon; and, the attack to set aside the judgment being brought in time, the court did not err in holding it inoperative against her and granting the injunction staying the execution levied on the property.

193 S.W.—70

[3] Considering the proposition of appellee on cross-assignment complains of the court for failing to render judgment for the fund of $205.65 for appellant, said sum being realized in garnishment of the American Exchange National Bank, we will say the court did not err. Said Nettie Temple Proctor never pleaded in the original proceeding, nor appeared in any way to resist the garnishment proceeding. The $205.65 stands, and although she voluntarily paid it it is not recoverable by the appellee. Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518. The property in suit was community, and not subject to the debt of the wife; such debt not having been contracted for in the manner as prescribed by statute.

The judgment is affirmed.

### On Motion for Rehearing.

We fell into error in our former opinion in stating that the court below rendered judgment vacating the judgment in cause No 20340. This was incorrect, as the judgment herein did not vacate said judgment in case No. 20340, but allowed it to stand, and enjoined the execution issued by virtue thereof and levied on the property in controversy in so far as Nettie Proctor was concerned.

[4] Being under the impression that the trial court had vacated the judgment theretofore rendered in cause No. 20340, we fell into error in affirming the judgment of the trial court, and after reconsidering the case we think said judgment as to Nettie Proctor ought to be reversed, and here rendered for her, for the reason the judgment in cause No. 20340 as to Nettie Proctor is void; the court being without any power to render such judgment against her as stated in the original opinion.

[5] Appellants contend, in effect, in their motion for a rehearing, as in their briefs, that said action was not an action to vacate and set aside the judgment in cause No. 20340, for that all of the original parties to the same are not parties to this suit, and that there is no prayer to vacate said judgment. In this suit Fred J. Proctor, the husband of Nettie Proctor, was not a party to suit No. 20340, while Louis F. Proctor and C. H. Bussy, Jr., who were defendants with Nettie Proctor in cause No. 20340 are not parties to this suit. Fred J. Proctor, as husband of Nettie Proctor, joining with her, was a necessary party in maintaining an action to vacate said judgment, while Louis Proctor and C. H. Bussy, Jr., were in no position to have the judgment set aside, and were not necessary parties in this suit.

[6] The amended petition on which the parties went to trial set out the proceeding in the case No. 20340, alleging that the court was without jurisdiction to render judgment against Nettie Proctor, with allegations duly attacking said judgment, and that it "be set aside and vacated," and closing said petition

with a prayer, among other things, "for such other and further relief, both general and special, in law and in equity, as they may show themselves entitled to." This we think, in effect, was sufficient for the granting of relief to vacate said judgment.

The appellees claim that they are entitled to judgment for the sum of $205.85. It is insisted by appellants that there is not pleading in the record upon which such a recovery could be had, as shown by the amended petition on which a trial was had. With this we concur, and adhere to our original holding on this proposition.

The judgment heretofore rendered by this court will be changed as follows: The judgment of the court below, holding the judgment in cause No. 20340 binding, is error, and reverse the same as to Nettie Proctor, and here render judgment, and setting aside the judgment in cause No. 20340 as to Nettie Proctor, and in other respects affirm the same.

Appellees' motion for rehearing is granted in part, and overruled in part.

Appellants' motion is overruled.