## SANBORN et al. v. WEISSMAN.
### (No. 6630.)

(Court of Civil Appeals of Texas. Austin.
Oct. 26, 1922.)

Appeal and error ⬤⟳377—Writ of error will not be dismissed because bond not signed by plaintiff in error's husband joined pro forma.

Where a writ of error was sued out by a married woman and her husband, who was joined pro forma, it was no ground for dismissal of the writ that the bond for appeal was not signed by the husband.

Brady, J., dissenting.

Suit by Henry Weissman against Mrs. Willie A. Sanborn, as an individual and as independent executrix, and another. Judgment for plaintiff, and defendants bring error. On motion to dismiss. Motion denied.

John B. Atkinson and Allan V. McDonnell, both of Waco, for the motion.

Taylor & Hale, of Waco, opposed.

PER CURIAM. Motion denied.

BRADY, J. (dissenting). Henry Weissman, defendant in error, brought this suit against Mrs. Willie A. Sanborn, individually and as independent executrix of W. W. Dyerlee, deceased, and against her husband, Cam Sanborn, joined pro forma. Judgment was rendered, upon the verdict of a jury in favor of the plaintiff, against Mrs. Sanborn, individually and as independent executrix, and in favor of the defendant, Cam Sanborn. The petition for writ of error was sued out by both Mrs. Sanborn and her husband, Cam Sanborn, the latter being joined therein pro forma. The bond executed for appeal, however, names only Mrs. Sanborn as principal obligor, and is signed by her and two sureties.

Defendant in error, Henry Weissman, has filed a motion to dismiss the appeal, upon the ground that Cam Sanborn is a necessary party to the appeal sought to be perfected by Mrs. Sanborn. This claim is grounded upon the fact that Mrs. Sanborn is a married woman, and that her husband was joined pro forma in the court below, and upon the legal proposition that her bond, without the joinder of her husband, is a nullity. The majority of the court being of the opinion that the motion does not present sufficient grounds for dismissal of the appeal, the motion has been overruled. From this conclusion I dissent, and wish to briefly present my reasons.

Article 1841, Revised Statutes, provides that the husband and wife shall be jointly sued for all separate debts and demands against the wife, but in no such case shall a personal judgment be rendered against the husband. Article 1839, Revised Statutes, authorizes the husband to sue either alone or jointly with his wife for the recovery of her separate property, but, in case he should fail and neglect to do so, she is authorized, by authority of the court to sue in her own name. Under these two articles it is well settled that, before a court can proceed to judgment against the wife, the husband must be before the court. Shaw v. Proctor (Tex. Civ. App.) 193 S. W. 1104; Barmore v. Darragh (Tex. Civ. App.) 227 S. W. 522; Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050. As to the necessity of the husband's being before the appellate court, the following cases are in point in principle: Corley v. Renz (Tex. Civ. App.) 24 S. W. 935; Hunter v. Nichols, 1 White & W. Civ. Cas. Ct. App. § 1054; Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369.

Under the decisions, the bond of Mrs. Sanborn, in so far, at least, as it covers her appeal in her individual capacity, is a nullity, because of the non-joinder of her husband. See Shaw v. Proctor (Tex. Civ. App.) 193 S. W. 1104; Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537. It has been stated above that both Mrs. Sanborn and her husband joined in the petition for writ of error, but that the latter was nowhere named in the bond filed in this court. It is further disclosed by the record that the citation in error, served upon the defendant in error, Henry Weissman, summoned him to appear before this court to defend a writ of error granted on the petition of Mrs. Sanborn, in her capacity as independent executrix and individually, and the citation nowhere names her husband. In these circumstances it appears that Mrs. Sanborn has sought to perfect her appeal here without the joinder of her husband. This may be no valid objection to the perfecting of the writ of error in so far as she appeals in her fiduciary capacity, under the terms of article 2106, inasmuch as that article authorizes an appeal or writ of error by executors without giving bond. As to the appeal in her individual capacity, however, it is my opinion that the failure of her husband to join in the bond would be fatal to the writ of error, except for article 2104, Revised Statutes, which authorizes the appellate court to allow an amendment of the bond, or the filing of a new bond; when it shall be determined by such court that the bond is defective in form or substance. Plaintiff in error, joined pro forma by her husband, has offered to amend the bond by filing a new bond on such terms as the court may prescribe, in event we should hold that the bond as filed is defective in form or substance, so as to affect her right of appeal. It is my opinion that this statute is applicable, and that the plaintiff in error should be required to amend or file a new bond; otherwise her writ of error should be dismissed.

In this case it is manifest that Mrs. Sanborn has sought to perfect an appeal by writ of error, and that the defect is merely one of omission to join her husband as a principal in the bond. Judgment below was for Mr. Sanborn, and there was nothing for him to appeal from except to perfect the writ of error sued out by his wife. He was merely joined pro forma, and, in my opinion, the omission of his name from the bond is a defect either of form or substance within the meaning of article 2104, and plaintiff in error is entitled to the benefits of that statute.

From the consultation in this case, I take it that my colleagues are of the opinion that this question is ruled by the line of cases which hold that it is not necessary for the principal in an appeal bond to sign it, but that it is sufficient if the requisite sureties sign. I am aware that there are decisions to this effect, and, without questioning their correctness or authority, I do not consider them applicable to this case. There is no decision known to me which holds that it is not necessary to at least name the principal obligor in the bond. It is difficult for me to see how there can be any binding obligation for sureties to sign unless the principal's name is disclosed in the undertaking. If Mr. Sanborn is a necessary party to a valid appeal bond given by his wife on writ of error, as the authorities seem to hold, it seems clear to me that he must be named in the bond as a principal. How can it be his undertaking without his inclusion in the terms of the bond? He is nowhere named therein as a plaintiff in error, even pro forma, and even the citation in error, as has been pointed out, does not purport to name him as a plaintiff in error.

The reasons indicated impel me to dissent from the conclusion that the appeal should not be dismissed without requiring an amendment or new bond, which I think should be required before the appeal by Mrs. Sanborn in her individual capacity will be perfected, and before this court has jurisdiction to decide that branch of the case on the merits.