**FINLEY et ux. v. MESSER.** (No. 685.)

Court of Civil Appeals of Texas. Waco. Sept. 27, 1927.

Tirey & Tirey, of Waco, for appellants.
Tom Hamilton and J. A. Kibler, both of Waco, for appellee.

BARCUS, J. On December 3, 1926, Mrs. Ruth Finley, acting by her husband, R. E. Finley, entered into a written contract with appellee, J. B. Messer, for the exchange of certain real estate. The contract recited that Mrs. Finley was the sole owner of several different tracts of land in Waco and J. B. Messer was the owner of a farm in Bell county, and gave the terms and conditions of the exchange of said properties. One paragraph thereof provided:

"Abstracts and deeds are to be delivered to R. B. Goldberg Land Company within ten days, who shall then deliver them to each of the parties' attorneys for examination, and if any defects in title shall be found, then each party shall have a reasonable time in which to cure same. In case either party refuses to carry out their part of the trade, they shall be liable to each other party in the sum of two thousand dollars as liquidated damages."

The trade was not consummated, and this suit was instituted by appellants, seeking to recover of appellee the $2,000 damages. They alleged they had been willing to, and had offered to, perform the contract, but that appellee had refused to comply with his part of said contract.

Appellee filed a general demurrer and some special exceptions, and by cross-action alleged that he had at all times been ready, able, and willing to comply with his part of the contract, but that appellants had failed and refused to comply with their part thereof, and asked for damages in the sum of $2,000. Appellee alleged that the property which appellants agreed to convey to him was the separate property of Mrs. Finley, and that same was made for the use and benefit of her separate estate. Appellants, in answer to the cross-action, filed a general demurrer and some special exceptions. In ad-

dition to other pleas, appellants alleged that if it should be found they did not deliver the deeds and abstracts within the 10 days as provided by the contract, the time within which same should be delivered was not of the essence of the contract.

The cause was submitted to a jury on two special issues: First, whether appellee failed or refused to carry out his part of the contract, to which the jury answered, "No"; and, second, whether appellants refused to carry out their part of the contract, to which the jury answered, "Yes." Appellants requested the court to submit the following issue to the jury: "Was time the essence of the contract sued upon?" The trial court refused to submit said issue, and appellants have assigned this as error.

■ From the wording of the contract quoted above, it is not at all clear what the parties meant when they stated that abstracts and deeds were to be delivered to the Goldberg Land Company, and it in turn was to deliver same to the respective attorneys for examination. Whether it meant abstracts and old deeds showing title, or whether it meant complete abstracts and deeds from the respective parties conveying the land as provided by the contract, is not clear. There is no evidence showing that the parties intended to execute deeds and deliver to other parties before titles were accepted. The contract provided specifically that if there were any defects in the title, each party should have a reasonable time after the defects were pointed out in which to cure same. It appears from the record that appellants and appellee each took the abstracts they had almost immediately to the Goldberg Land Company, and appellee individually examined the abstracts left there by appellants and made some objections with reference thereto, pointing out that some of them had not been brought down to date and did not show title in appellants to the land to be conveyed. The record shows that Mr. Goldberg, of the land company, then took the abstracts to an abstracter to have them brought down to date, and same were returned to the land company about the 7th of December, but were never at any time thereafter called for or examined by appellee or his attorney. The deeds which appellants were to execute to the several tracts of land were drawn and executed and then had to be returned for some corrections, and some of them were not finally delivered to the land company until the 14th or 15th of December, which was 11 or 12 days after the contract was signed. It appears that appellee, about December 8th, delivered a partial abstract to his land to the land company and also a deed, which needed some corrections, and which he was to but did not correct. On the 13th of December, which was the tenth day after the contract was signed, appellee testified he went to the

land company to ascertain whether the deeds from appellants to him had been delivered, and was informed that they had not been; that he then told the land company, which was agent for each of the parties in the transaction, that unless appellants delivered their deeds by the 14th he would call the trade off; that he did go back on the morning of the 14th and found the deeds were not there, and he then demanded of the land company that they surrender to him his papers, and it did deliver at said time to him a copy of the contract and his abstract. Appellee testified that at said time he told the land company that he had abandoned the contract and would not carry it out and demanded of appellants the $2,000 forfeit. The evidence tends to show that at the time the contract was being drawn, appellants informed appellee that it was doubtful whether they could get the abstracts to their property prepared and the deeds all executed and in the hands of the real estate agent within the 10 days, since the parties did not live in Waco, and that it was understood that they were to have a reasonable time in which to get the deeds and papers if they were not completed by that time. The contract, as stated, provides specifically that after the papers were delivered and examined, if there were any defects the parties were to have a reasonable time in which to cure the defects. The entire record indicates that the case was tried on the theory that the deeds of the respective parties had to be executed and the abstracts brought to date and delivered to the land company within 10 days from the date of the contract on December 3d, and that the party who failed to have his deeds executed and placed with the land company within said time thereby automatically forfeited the $2,000. Appellants timely requested the court to submit the issue as to whether time was of the essence of the contract, and the trial court refused to submit same. Appellants assign error, and we sustain said assignment. Under the facts in this case, it became an issue of fact as to whether the time in which the deeds were to be executed and delivered to the land company was of the essence of the contract, and same having been raised both by the pleadings and testimony, the trial court should have submitted same to the jury for its determination. Taylor Milling Co. v. American Bag Co. (Tex. Civ. App.) 230 S. W. 782; Nations v. Williams (Tex. Civ. App.) 203 S. W. 1176.

■ Appellants, by an appropriate assignment of error, contend that the pleadings of appellee will not authorize a judgment to be rendered against Mrs. Finley. We sustain this assignment. The pleadings allege that Mrs. Finley was the wife of R. E. Finley at the time the contract was executed, and that all the property was the separate property of Mrs. Finley, and that the contract was exe-

cuted by Mr. Finley and his wife for the use and benefit of Mrs. Finley's separate estate. Our courts have uniformly held that an executory contract on the part of a married woman, which is made by herself or her agent, to sell her separate real estate or sell the homestead, is not enforceable, and that she has the right, after she signs a deed, to renounce the trade and refuse to carry it out at any time before she states to the officer taking her acknowledgment that she does not wish to retract it. Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; Maynard v. Gilliam (Tex. Civ. App.) 225 S. W. 818; Crabb v. Bell (Tex. Civ. App.) 220 S. W. 623; Blue v. Conner (Tex. Civ. App.) 219 S. W. 533; Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923.

■ Our courts further hold that neither the husband nor the wife is responsible for damages for the failure of a married woman to comply with her executory contract for the sale of land, where the party at the time he makes the contract knows that it is the homestead or that it is the separate property of the wife that is to be conveyed. Collett v. Harris (Tex. Civ. App.) 229 S. W. 885; Griffith v. Watkins (Tex. Civ. App.) 279 S. W. 489; Jackson v. Carlock (Tex. Civ. App.) 218 S. W. 578; Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467; Billingsly v. Swepson Land Co., 58 Tex. Civ. App. 67, 123 S. W. 194.

The judgment of the trial court is reversed and the cause remanded.