**EUCHEY, et ux. v. ADAM SCHAAF, Inc.**
(No. 635.)

Court of Civil Appeals of Texas.    Waco.
May 10, 1928.

**1. Appeal and error ⬤═870(2)—Right to review order overruling plea of privilege held waived, where no appeal was taken, except from judgment on merits rendered at subsequent term.**

Defendants who failed to prosecute appeal from order overruling plea of privilege waived right to have the order reviewed on appeal from judgment on the merits rendered at subsequent term.

**2. Bills and notes ⬤═489(7)—Admission of note for amount different from that alleged held not to involve fatal variance, where note was filed with plaintiff's pleadings before trial.**

Where $400 note was filed with plaintiff's pleadings before trial, admission of note in evidence did not constitute fatal variance or give defendants right to complain on ground of surprise by virtue of fact that amount of note was incorrectly stated in petition.

**3. Husband and wife ⬤═19(1, 11)—Jury's finding that piano purchased by wife was necessity rendered judgment against husband and wife for price thereof proper (Rev. St. 1925, arts. 4623, 4624).**

Where jury found that piano purchased by wife was a necessity in the home, judgment rendered against both husband and wife for the purchase price of the piano was not void as to wife on account of her coverture or as to husband on account of his failure to join in the purchase under Rev. St. 1925, arts. 4623, 4624.

**4. Husband and wife ⬤═19(1, 11)—Both husband and wife are liable for debts contracted by wife for necessaries for herself or children (Rev. St. 1925, arts. 4623, 4624).**

Both husband and wife are liable for the payment of debts contracted by the wife for necessaries for the use of herself or her children under Rev. St. 1925, arts. 4623, 4624.

**5. Husband and wife ⬤═23½—Husband who permitted piano purchased by wife to remain in home for nearly two years acquiesced in purchase, and became liable for price.**

Where husband permitted piano purchased by wife to remain in his home for period of nearly two years, and was inferentially informed of terms of purchase, and jury found reasonably prudent person would have returned the piano, husband became liable for payment of the purchase money on account of acquiescence.

**6. Trover and conversion ⬤═40(4)—Evidence of removal and storage of new piano with consent of owner, under promise to attempt to find purchaser, did not authorize owner's recovery for conversion.**

Evidence of removal and storing of old piano with owner's consent under agreement to attempt to find purchaser did not authorize owner's recovery for conversion against seller of new piano.

**7. Trial ⬤═255(1)—Issues raised in cross-action were waived by failure of defendants to request their submission.**

Failure of defendants to request submission of any of issues raised in cross-action constituted waiver of such issues.

Appeal from Dallas County Court at Law; Paine L. Bush, Judge.

Suit by Adam Schaaf, Inc., against R. L. Euchey and wife, in which defendants asserted a cross-action. Judgment for plaintiff, and defendants appeal. Affirmed.

C. W. Massie, of Fort Worth, for appellants.

John H. Thomas and G. Q. Youngblood, both of Dallas, for appellee.

GALLAGHER, C. J.    This suit was instituted by appellee, Adam Schaaf, Inc., to recover of appellants R. L. Euchey and wife, Mrs. R. L. Euchey, the sum of $220, with accrued interest, alleged to be the balance due on the purchase price of a piano, and to foreclose a chattel mortgage thereon, or, in the alternative, to recover said piano. Appellee declared on a note for the sum of $450 with interest, which it alleged Mrs. Euchey had executed and delivered to it in payment for said piano, and also on a chattel mortgage which appellee alleged she had executed upon said piano to secure said note. Appellee alleged that said piano was a necessity in the home of appellants for the use of their daughter in completing her musical education. Appellee further alleged that, while appellant R. L. Euchey did not join his wife in the execution and delivery of said note and mortgage, he knew she had purchased said piano and the purpose of such purchase; that he had permitted her to continue to make payments thereon, and had permitted such piano to be placed and kept in their home and to be continually used therein; that he had thereby acquiesced in said contract of purchase, and become bound by the terms thereof, and was estopped to deny that such contract was executed for his own use and benefit as well as the use and benefit of his family. Appellee, pleading in the alternative, in event the court should find the contract for the purchase of said piano unenforceable, alleged it was the owner of the same, and prayed for judgment for the recovery thereof. Appellant R. L. Euchey interposed a plea of privilege, which was contested by appellee, and on hearing before the court was overruled. Appellants then answered, denying that said piano was a necessity, and alleging that they already had a good piano in their home. They also pleaded the coverture of Mrs. Euchey, and by way of cross-action alleged that Mrs. Euchey had paid out of community funds $237.73 on the purchase price of said

piano; that appellee was holding their old piano; that the value of the same was $250, and they prayed recovery for both said sums.

The case was submitted to a jury on special issues, in response to which the jury, found, in substance, that: (a) the piano delivered by appellee in the home of appellants was a necessity therein; (b) that appellant R. L. Euchey, upon learning the facts, did not use the diligence which a reasonably prudent man would have used under the circumstances to return the piano and repudiate the contract for the purchase thereof which his wife had made; (c) that appellants were husband and wife, and living together before the purchase of said piano, at the time thereof, and long thereafter. The court entered judgment on the verdict of the jury in favor of appellee against the appellants for the unpaid balance on said contract of purchase, with interest to date, and for foreclosure of said mortgage. The court also rendered judgment denying appellants any recovery on their cross-action.

### Opinion.

[1] Appellants by their first proposition complain of the action of the court in overruling the plea of privilege interposed by R. L. Euchey. Said plea was overruled on the 28th day of November, 1925. No appeal from the order overruling the same was prosecuted. The case was tried on its merits October 20, 1926. Appellants, by failing to prosecute an appeal from the order overruling said plea, waived their right to have the same reviewed in this appeal from a judgment on the merits rendered at a subsequent term. Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.) 255 S. W. 158; Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 313, 314.

[2] Appellants present a proposition complaining of the action of the trial court in admitting in evidence the note sued on. Appellee in its petition declared upon a note dated November 30, 1923, for the sum of $450, with interest from date at the rate of 8 per cent. per annum, and admitted payments thereon aggregating $230. Appellee also filed in connection with its pleadings the contract for the purchase of said piano executed and delivered to it by Mrs. Euchey. The so-called note, as well as the mortgage given on the piano to secure the same, is included in said contract. Said note constitutes the first paragraph thereof, and by its terms the maker promises to pay to appellee the sum of $450, with interest from date at the rate of 8 per cent. per annum, payable, cash $50, balance of $400, payable $10 per month, beginning December 30, 1923. The objection to the introduction of said note was that it was in fact for $400 only, and that there was a fatal variance between its terms and the allegations in appellee's petition. Since said contract, including said note, was filed with appellee's pleadings before the trial, appellants cannot complain that they were surprised at its terms when offered in evidence. No injury is shown.

[3-5] Appellants contend that the judgment rendered against them in this case is void as to Mrs. Euchey on account of her coverture, and, being void as to her, is void also as to her husband, who did not join her in the contract for the purchase of said piano. The jury found that the piano was a necessity in the home of appellants. There was no objection to the form in which such issue was submitted, and the finding of the jury thereon is not assailed by any paragraph in appellants' motion for new trial. Both husband and wife are liable for the payment of debts contracted by the wife for necessaries for the use of herself or her children. R. S. 1925, arts. 4623, 4624; Hawkes v. Robertson (Tex. Civ. App.) 40 S. W. 548, 549 (writ refused); Palmer v. Coghlan (Tex. Civ. App.) 55 S. W. 1122, 1123; Hild v. Hellman (Tex. Civ. App.) 90 S. W. 44 (writ refused); Haas v. American Nat. Bank, 42 Tex. Civ. App. 167, 94 S. W. 439, 440, 441; Richburg v. Sherwood, 101 Tex. 10, 13, 102 S. W. 905, 906; Harris v. Williams, 44 Tex. 124, 125, 126, and authorities there cited. The piano was shown by the undisputed evidence to have been placed in the home of appellants and to have attracted the attention of the husband shortly thereafter. The evidence further shows that he was advised from whom it had been purchased, and, inferentially, of the terms of purchase. He permitted the same to remain in his home and to be used therein until the institution of this suit, a period of nearly two years. The jury further found, in effect, that a reasonably prudent person would have returned the piano and repudiated the purchase thereof during such time. Appellant Euchey, by his failure to act in the premises, acquiesced in the purchase of said piano, and adopted the acts of his wife in making the same. He thereby became liable for the payment of the debt incurred in such purchase. Joy v. Fakes Furniture & Carpet Co. (Tex. Civ. App.) 286 S. W. 611, 612 (writ dismissed).

[6, 7] Appellants complain of the judgment of the court denying them a recovery on their cross-action, and in that connection of the failure of the court to submit to the jury any of the issues raised thereby. Appellants alleged in said cross-action that the contract made by Mrs. Euchey for the purchase of said piano was void; that the payments made thereon amounting to $230 or more were made by her out of community funds without the consent of her husband, and that he was therefore entitled to recover the same; that appellee, acting through its sales agent, had removed their old piano, and had converted the same; and that they were entitled to recover the value thereof, which was alleged to be $250. Appellee admitted receipt of the payments made by Mrs. Euchey in its orig-

inal petition. The evidence disclosed that the old piano was removed by appellee's agent with the knowledge and consent of Mrs. Euchey and at her request; that the same was stored in the town in which appellants lived; that appellee's agent promised to try to sell the same, but that Mrs. Euchey had later informed said agent that she desired to give the old piano to her mother. There is no evidence in the record tending to show that appellee ever set up any claim to said piano adverse to appellants, or either of them. Neither is there any evidence in the record of the value of same as a basis for the recovery of judgment for conversion thereof; the only evidence on such issue being that old pianos are hard to sell, and practically worthless on the market. Appellants made no request for the submission of any of the issues raised by said cross-action, and their failure to make such request was a waiver thereof. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084, 1085, par. 2, and authorities there cited.

None of the propositions submitted by appellants justify a reversal of the judgment appealed from, and it is therefore affirmed.