## J. B. FLANNERY, EXECUTOR, V. HENRY CHIDGEY.

Decided December 2, 1903.

**1.—Married Woman—Right to Contract.**

The only authority given to a married woman to enter into contracts is embodied in article 2970 of the Revised Statutes, as follows: "The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property."

**2.—Same—"Necessaries."**

The "necessaries" referred to in the statute are those for the wife and her children and not for her husband, and the wife's separate estate can not be charged with necessaries furnished or obtained for the husband.

**3.—Same—Promise to Pay—Statute of Frauds.**

A single witness, in support of the allegation of the wife's promise, subsequent to the husband's death, to pay, testified that the wife said to her that she was going to pay for the services rendered the husband, and if unable in her lifetime would provide for it in her will. This statement was not communicated to the creditor in the lifetime of the wife. Held that, even if the language proved could be construed into a promise, it would come within the purview of the statute of frauds. (Art. 2543, secs. 1, 2.)

**4.—Community Estate—Liability.**

The community estate coming into the hands of the surviving wife as executrix is liable for the debts of the husband or the community.

Appeal from the County Court of Bexar. Tried below before Hon. R. B. Green, County Judge.

*Keller & Keller,* for appellant.

*Robt. T. Neill,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee, in the Justice Court, for $175 alleged to be due by the estate of Mrs. Elmira V. Ewalt, for services as nurse rendered W. D. Ewalt, the husband of Elmira V. Ewalt, in his last sickness, amounting to $160, and services rendered in same capacity to Mrs. Ewalt in her last sickness, amounting to $15. The suit is based on allegations of an express contract of Mrs. Ewalt to pay for the services rendered her husband, made before and after his death. Appellee recovered judgment for amount sued for in Justice Court and for a like sum on appeal to the County Court.

It appears that W. D. Ewalt being sick in 1900, Mrs. Chidgey was engaged as a nurse at divers times between March and December of that year. W. D. Ewalt died on January 1, 1901, and Mrs. Elmira V. Ewalt, his widow, on January 3, 1901, filed an application for probate of the will of her husband and for letters testamentary. On January 22, 1901, the will was probated and Mrs. Ewalt was appointed executrix of the will without bond as provided therein. In that will practically everything possessed by the testator was bequeathed to his wife. No account for the services performed by Mrs. Chidgey was presented to the independent executrix. On January 7, 1902, Mrs. Elmira V. Ewalt died, leaving a will in which J. B. Flannery was appointed executor. Although

it does not appear in the statement of facts, it appears from the petition, and from an exhibit attached thereto, that the account was presented to the executor and by him rejected. There is some testimony which tends to show that W. D. Ewalt had some community property at his death.

The theory upon which the pleadings were prepared and on which the case was tried was that the property in the hands of the executor had been the separate estate of Mrs. Ewalt, and that she had, before and after her husband's death, expressly agreed to pay the debt due Mrs. Chidgey. The evidence is very weak and unsatisfactory as to Mrs. Ewalt attempting to contract for the services of Mrs. Chidgey, but the question will be discussed as though it was fully proved, because the principles that are hereinafter stated apply as fully to an explicit written contract as well as one of any other character. Under the common law the existence of the wife was merged in her husband, and she had no power to make contracts except through his authority or for necessaries for herself and children. That principle of the common law has not been wholly abandoned in Texas, and in no instance save in those expressly prescribed by statute is the married woman given the power to make contracts.

The only statutory authority given to a married woman to enter into contracts is embodied in article 2970 of the Revised Statutes, as follows: "The wife may contract debts for necessaries furnished herself or children, and for all expenses which have been incurred by the wife for the benefit of her separate property." The authority so granted is strictly construed, and no appeal to the equitable powers of a court can be made to bind the wife by her contracts not executed under the provisions of the statute. Magee v. White, 23 Texas, 180; Haynes v. Stovall, 23 Texas, 625.

The necessaries named in the statute are those for the married woman and her children and not for her husband. In the case of Magee v. White, above cited, this matter was thoroughly discussed, and after citing and quoting from several chancery cases the court concluded: "So we think that if, in this State, the wife's property is to be held liable for articles furnished to the husband, because they are necessaries, it will be in the husband's power to squander the proceeds of the property as it comes into his hands out of which he should support himself and his family, and charge his expenses for necessaries upon his wife's separate estate, thus subjecting it to a burden which the law never intended it to bear." Again in elucidation of the Magee-White opinion, it was said in Haynes v. Stovall, above cited: "It was held, that the separate estate could be held liable, according to the provisions of the statute, for debts contracted by the wife herself, or by her authority, for necessaries furnished herself or children, or for expenses incurred by the wife for the benefit of her separate property, and where such expenses are reasonable and proper. It was held that the wife was under no legal obligation to maintain the husband out of her separate estate; that the rules applied by courts of chancery in England, to estates lim-

ited to the sole and separate use of married women, were not applicable to the wife's statutory separate estate in this State; and that the expressions to be found in the opinions of this court, in the cases of Christmas v. Smith, Brown v. Ector, and McFadden v. Crumpler, to the effect that the wife's separate estate is liable in equity, independent of the statute for necessaries for the husband, or for his children by a former marriage, were dicta, and were not to be regarded as authoritative decisions of this court."

In the case of Hutchinson v. Underwood, 27 Texas, 255, it was said: "Under the view of the law taken by the court below, it will be perceived that the wife's separate property may be charged on an account made, or a promissory note executed by her for necessaries for her husband, or other members of the family than himself and children. Whatever difference of opinion there may formerly have been upon this question, the law upon it must now be regarded as settled by this court, against the rule laid down in the instructions given to the jury in this case."

Again in the case of Harris v. Williams, 44 Texas, 124, it was said: "The wife is under no legal obligation to maintain the husband out of her separate estate. It is the duty of the husband to support his wife and children. Hence the wife's estate can not be charged with necessaries for the husband or with debts contracted by him for the support of the family when not acting as her agent."

It is claimed, however, that Mrs. Ewalt, after the death of her husband, promised to pay for the services of Mrs. Chidgey. Only one witness, Mrs. Martin, testified as to this and she said: "I heard Mrs. Ewalt say she intended to pay Mrs. Chidgey for her services; that was after Mr. Ewalt's death. * * * She said if she did not pay it in her lifetime she would pay it in her will; that she had no ready money." The statements made by Mrs. Ewalt were not communicated to Mrs. Chidgey. There was no consideration for the promise, if the language could be so styled. The promise to pay, if the language proved can be construed to be a promise, was one that comes clearly within the purview of the statute of frauds. It is obnoxious to the provisions of both sections 1 and 2 of article 2543 of the Revised Statutes.

While the evidence does not disclose a state of case by which the separate property of Mrs. Ewalt would be liable for the debt declared on, still the labor was performed and W. D. Ewalt received the benefit of it, and his estate was liable under an implied promise to pay for the services received by him, and if any of his separate estate, or any community property of himself and wife, not exempt under the laws of Texas, came into the hands of his wife after his death, she would be liable to the extent of the value of such property for the debts of her husband or the community.

Although an express contract upon the part of Mrs. Ewalt to pay the debt is alleged in the petition and that contract would not bind her, the facts alleged also show that the community estate of the Ewalts was

liable on an implied contract for the services performed for Mr. Ewalt and are sufficient to form the basis for a judgment against the community property. The lands conveyed to Mrs. Ewalt before her marriage, and that conveyed to her by her husband, were her separate estate, and not liable for the debt sued for, but the record shows that one parcel of land was conveyed to Mrs. Elmira V. Ewalt, during the life of her husband, by Johanna Toepperwein, and it does not appear that it recited in the deed that it was the separate estate of Mrs. Ewalt. The presumption of law is that it was community property.

The judgment will be affirmed, the only restriction on it being that the estate of Mrs. Ewalt shall be liable for $160 of the debt to the extent of the value of the community estate that existed at time of the death of her husband, as well as any separate estate left by him, her whole estate being liable for the services, valued at $15, rendered for Mrs. Ewalt. The judgment is affirmed.

*Affirmed.*

Writ of error refused.