**CITY NAT. BANK OF COLORADO, TEX., v. GAMEL et al. (No. 1323.)**

(Court of Civil Appeals of Texas. El Paso. April 20, 1922. Rehearing Denied May 18, 1922.)

1. **Judgment ⟜429—Where wife did not plead coverture, as she could have done, and it did not appear from the pleadings, she could not directly attack the judgment against her on joint note on ground thereof.**

Where husband and wife were sued jointly, and duly cited in action on a joint note, and the wife did not defend on the ground of coverture, and such coverture did not appear from the pleadings of the plaintiff, and the wife was not in any manner prevented from pleading coverture in such action, she could not make a direct attack upon the judgment against her upon the ground of such coverture.

2. **Judgment ⟜460(10)—One seeking to set aside judgment must allege and prove facts showing that he was prevented from making a proper defense.**

One seeking to set aside a judgment against him must allege and prove facts showing that he was prevented from making a proper defense to the former action by fraud, accident, or act of the opposing party without fault or negligence on his part.

3. **Judgment ⟜461(1)—In action to set aside judgment, it will be presumed to have been authorized by the evidence.**

In action to set aside a judgment, it will be presumed that there were facts in evidence in the previous case to authorize the judgment.

Appeal from District Court, Mitchell County; W. P. Leslie, Judge.

Consolidated suits by the City National Bank of Colorado, Tex., against E. B. Gamel, I. L. Gamel, and others, and by the defendants E. B. Gamel and I. L. Gamel against the plaintiff. From an adverse judgment in the suit in which it appeared as the plaintiff, and from judgment for I. L. Gamel in the suit against the bank, the bank appeals. Reversed and rendered.

Royall G. Smith, of El Paso, and T. R. Smith, of Colorado, Tex., for appellant.

W. H. Garrett, of Colorado, Tex., and Hickman & Morrow, of Dublin, for appellees.

HARPER, C. J. The City National Bank of Colorado, Tex., brought this suit against E. B. Gamel and wife, I. L. Gamel, M. I. Thomas, J. R. Johnson, Charles Parks, H. L. Knight, Charles Denny, and Henry Wittmer (No. 3671) to foreclose the lien of an abstract of judgment obtained by plaintiff against E. B. Gamel and wife November 20, 1917, alleging that said abstract in due form was duly recorded, that afterwards Mrs. I. L. Gamel inherited from her mother the lands as to which the lien is sought to be foreclosed, and that the other defendants purchased from him with notice, etc.

The defendants, Gamel and wife, Thomas, and Johnson answered by general demurrer, general denial, and specially that the judgment, cause No. 3671, which was the basis of the lien, was invalid as to I. L. Gamel, because at the time of execution of the note, which was the subject-matter and basis of that suit, at the time of filing the suit and the rendition of the judgment said I. L. Gamel was a married woman, the wife of the defendant E. B. Gamel; the note was not given for the benefit of the separate estate, or for necessaries, but was executed by her as security for her husband on his personal debt, incurred in the cotton business; that plaintiff knew all of said facts, but did not plead any of them, nor in any way bring them to the attention of the trial court; that therefore the court was without power to render a personal judgment against I. L. Gamel.

The defendant Mrs. I. L. Gamel, joined pro forma by her husband, brought a direct suit or proceeding in the same court (No. 3755) to set aside the judgment in No. 3671, which set up the facts pleaded in this suit as a reason for setting that judgment aside, and by agreement consolidated with this suit, which is No. 3743. These consolidated cases were tried by the court without a jury, and judgment was rendered in favor of I. L. Gamel in No. 3755, against the bank in No. 3743, vacating the original judgment, canceling the liens, etc., as to Mrs. I. L. Gamel personally on her separate estate. The bank appeals.

The case was submitted upon an agreed statement of facts, from which we take the following:

November 20, 1917, the City National Bank of Colorado, Tex., took judgment by default against E. B. and I. L. Gamel, for $4,639.33, with interest at 10 per cent. and costs; the plaintiff's cause of action being a promissory note, dated April 28, 1913, for the sum of $3,111.60, payable to plaintiff, due six months after date, providing for interest and attorney's fees, signed E. B. Gamel and I. L. Gamel. That the petition did not disclose the fact that I. L. Gamel was the wife of E. B. Gamel at the date of the execution of the note. That it did not contain any averment that the note was the evidence of any indebtedness contracted by said wife for the benefit of her separate estate or for necessaries for herself or her children. That the plaintiff bank had actual knowledge of said facts. That the judgment contained no recital directing the issuance of execution and levy thereof upon the separate estate of the wife, but simply directed issuance of execution as though she were a man or a feme sole, and under no disability. But the fact

is the note evidenced an indebtedness incurred by the husband to the bank in carrying on the buying and selling of cotton prior to the execution of the note sued on. That execution was issued on said judgment January 17, 1918, in due form, placed in the hands of the sheriff of the county; same was by the sheriff returned not executed, because no property was found belonging to the defendants subject to execution. That the judgment is wholly unsatisfied. That abstract of judgment in due form was issued November 22, 1917. That same was duly recorded in Mitchell county, and thereafter in Erath and Comanche counties, and it was admitted it was so properly recorded as that, if the judgment was valid, it was sufficient to fix the lien on real estate in each of said counties. That Mrs. I. L. Gamel had thereafter inherited real estate in each of said counties from her mother.

Then the agreement sets forth the way in which the other defendants acquired their interests in the lands.

## Opinion.

[1] The question for our determination is: Is a married woman whose coverture does not appear from her adversaries' pleadings, and which is not defensively pleaded by herself, entitled by reason of that disability, which she was not in any manner prevented from pleading in the original action, to maintain a direct attack upon a judgment on a joint note, where both were sued and duly cited upon the sole ground of such coverture?

The question is presented by appellant by assigning error in overruling its exceptions to the petition, in admitting the evidence over objections thereto, and that the trial court erred in its conclusions of law which are as follows:

"From the foregoing facts the court concludes that the law is with the defendants in cause No. 3743, and the plaintiffs in cause No. 3755, and that as matter of law the judgment rendered heretofore by this court in cause No. 3671, wherein the City National Bank of Colorado, Tex., was the plaintiff, and E. B. Gamel and I. L. Gamel were the defendants, was a voidable and invalid judgment; that the issues presented by the suit of I. L. Gamel in cause No. 3755, wherein she directly attacked the validity of the judgment rendered in said cause No. 3671, were not adjudicated in said cause No. 3671, and that therefore, in said cause No. 3755, the said I. L. Gamel is entitled to have the judgment in said cause No. 3671 canceled as against her, and the judgment lien asserted thereunder set aside as against her. Judgment is accordingly so rendered. The court further concludes as a matter of law that in cause No. 3743, the City National Bank of Colorado, Texas, plaintiff therein, is not entitled to the relief sought therein, and it is decreed that judgment be entered accordingly."

Under the following authorities we conclude that the conclusions of law by the trial court are wrong, and that under the following authorities this cause should be reversed and rendered.

[2] One seeking to set aside a judgment against him must allege and prove facts showing that he was prevented from making a proper defense to the former action by fraud, accident or act of the opposing party without fault or negligence on his part. No such showing here. Nichols v. Dibrell, 61 Tex. 539.

[3] The presumption is that the facts were in evidence to authorize the judgment. Phelps v. Brackett, 24 Tex. 236; Caldwell v. Brown, 43 Tex. 216; Nichols et al. v. Dibrell, 61 Tex. 539; Bergstrom v. Kiel, 28 Tex. Civ. App. 532, 67 S. W. 781.

The wife having been joined by her husband upon the obligation sued on, and both having been sued jointly, and proper service had, she has had her day in court; she cannot avoid the consequences of the decree of the court without proving that she was prevented from making her defense under the above-quoted rule.

Reversed and rendered.