**TAYLOR et al. v. HUSTEAD & TUCKER.**
(No. 480–3874.)

(Commission of Appeals of Texas, Section A. Jan. 9, 1924.)

**1. Judgment ⬦452—Not set aside for failure to serve codefendant.**

Judgment against two defendants would not be set aside on suit for such purpose by one of them alone on the ground that the other had not been served with citation, where such judgment recited service upon the other codefendant; he not complaining as to the judgment against him.

**2. Husband and wife ⬦212—Wife cannot be sued without joining husband.**

The rule under Rev. St. 1911, arts. 1840, 1841, that a married woman cannot be sued without joining her husband, has not been changed by statute.

**3. Husband and wife ⬦238(1)—Default judgment against married woman, without joining her husband is voidable.**

Under Rev. St. 1911, arts. 1840, 1841, a judgment by default against a married woman, on a contract made by her alone during coverture, without her husband being joined in the suit, is voidable at least, and is subject to be vacated in a direct proceeding for that purpose, as the statutory provisions cannot be waived by her defaulting.

**4. Husband and wife ⬦151(5)—Default judgment against married woman for fuel oil for drilling oil well vacated; "necessaries."**

Default judgment against married woman for fuel oil to be used for drilling an oil well was subject to be vacated as being based on a void contract, the oil not being "necessaries."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessaries.]

**5. Judgment ⬦447(2)—To set aside default judgment against married woman no showing of defense necessary.**

To vacate a default judgment against a married woman rendered in a suit in which her husband was not joined, and giving recovery on a contract which she was not authorized to make, no showing of a further meritorious defense is required.

**6. Husband and wife ⊂∽268(1) — Husband must join in wife's contract to render community liable.**

Under Rev. St. 1911, art. 4621 as amended in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 4621) and article 4624 as amended in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4624) a contract, not for necessaries, made by the wife, in which her husband does not join, cannot create a debt for which the community property is liable.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Mrs. Roy A. Taylor and another against Hustead & Tucker. Judgment for defendants was affirmed by the court of Civil Appeals (243 S. W. 766), and plaintiffs bring error. Reversed and rendered.

T. F. Hunter and E. E. Fischer, all of Wichita Falls, for plaintiffs in error.

J. A. Hughes, of Wichita Falls, for defendants in error.

GERMAN, P. J. On August 12, 1920, G. W. Hustead and others, doing business under the firm name of Hustead & Tucker, filed suit in the district court of Wichita county against Mrs. Roy (Della) Taylor and Dave Bowen. The suit was to recover $5,754.55 for fuel oil furnished to Mrs. Taylor and Bowen for the purpose of drilling an oil well, and to foreclose a materialman's lien upon certain materials and machinery constituting a drilling rig. Upon default judgment was rendered January 10, 1921, against Mrs. Taylor and against Bowen, which judgment recites due and legal service upon each of them. Judgment was for the full amount of the alleged debt, with foreclosure of the lien. February 5, 1921, order of sale was issued, under which the sheriff levied upon and advertised for sale the drilling rig on which lien had been foreclosed.

This suit was instituted April 2, 1921, by Mrs. Roy Taylor and her husband, Roy Taylor, against Hustead & Tucker and against the sheriff of Wichita county, praying for an injunction to restrain the sale of the property described in the order of sale, and also praying that the judgment of January 10, 1921, be set aside and declared null and void. Two grounds were alleged by Mrs. Taylor to justify the setting aside of the prior judgment: First, that at the time the fuel oil for the value of which judgment had been rendered against her was furnished she was a married woman, residing with her husband, Roy Taylor, in Wichita county, that her disabilities of coverture had not been removed, that the fuel oil was not necessaries for herself or children, in contemplation of the statutes, and that at the time she was sued and judgment rendered her husband was not a party to the suit, and had not been jointly sued with her as required by law. Second that her codefendant Dave Bowen had not been served with citation, and therefore the judgment against her was not a final and binding judgment.

On a trial before the court without a jury August 8, 1921, judgment was entered dissolving the temporary writ of injunction and ordering that Mrs. Taylor take nothing by reason of her application. The Court of Civil Appeals affirmed this judgment. 243 S. W. 766.

[1] As the judgment complained of recites service on Bowen, and as he is not a party to this suit and makes no complaint as to the judgment against him, we are of the opinion that the objection to the judgment by Mrs. Taylor on this ground is not well taken.

[2] At common law a married woman could not sue or be sued, unless the husband was an alien or was regarded as civilly dead. This was also true under the civil law. Express statutory authority removing this disability has always been necessary under our system, except in rare cases where the rules of equity have made an exception. While the laws governing marital rights in Texas are the result of a blending of the principles of the common law and the civil law, yet we think it may be safely stated that the divergence from the common-law rules, as a result of the continuation of the civil law principles and of statutory enactments, as a consequence of which the distinct legal existence of the wife is recognized, relates peculiarly to the marriage status and the wife's right to own, manage, and control an estate of her own. In other words, the doctrine of the coequality of husband and wife is confined largely to property rights. It has been distinctly recognized and many times asserted that so far as a wife's power to contract is concerned she rests under all the disabilities of the common law, except as modified by statute. Red River National Bank v. Ferguson, 109 Tex. 295, 206 S. W. 923, and cases cited. Incident to the right of the wife to own and control a separate estate, her powers to sue and conduct litigation in the interest of her own property have been greatly enlarged. It has been said that the wife has been accorded all the freedom of the civil law, but guaranteed all the protection of the common law. One of the consequences of the jealous policy of our lawmakers and courts to safeguard the property and welfare of the wife is that the strict requirement of both the common law and the civil law that a married woman could not be sued without the joinder of her husband remains exactly as it has been since the early days of our judicial history. In 1848 the Legislature enacted the following statute, which is now article 1840:

"The husband and wife shall be jointly sued for all debts contracted by the wife for neces-

⊂∽For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

saries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property."

It is also provided by article 1841 that the husband and wife shall be jointly sued for all separate debts and demands against the wife; but, in such case, no personal judgment shall be rendered against the husband.

The obvious purpose of this statute was to remove the restrictions of the prior law to the extent of making it possible to sue a married woman, in the class of cases mentioned, and subject her to personal liability; but this was conditioned on the absolute requirement that her husband be jointly sued with her. Her identity being merged with his under the common law only, by joining him with her in the suit could she be reached at all? When this was done, she became as to these cases sui juris. But without the joinder of her husband in the suit she had no legal existence as a defendant in the case. This declaration seems archaic at this time, but no doubt at the time the statute was enacted it was regarded as an innovation. We cannot find that the Legislature has made any change in this phase of the law since 1848. It has been held that the emancipation of married women as to their rights to own and control a separate estate, without a modification of the particular statute fixing requirements for procedure against them, does not enlarge the privilege of others to sue them. See Tannehill v. Tannehill (Tex. Civ. App.) 171 S. W. 1050; Benson v. Hunter, 23 Ariz. 132, 202 Pac. 233.

[3] We think the statute quoted is imperative, and its observance is at the very foundation of the right of the court to render a valid judgment against the married women, unless the facts authorizing an exception are expressly alleged and proven. Litigants are required to take notice of the coverture of a married woman. Haas v. Bank, 42 Tex. Civ. App. 167, 94 S. W. 439; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815. Even in cases where the husband is sued with the wife it is necessary to allege facts showing the wife's liability; otherwise the petition is not sufficient to support a judgment against her. Aikin v. Bank (Tex. Civ. App.) 198 S. W. 1017. We are therefore of the opinion that a judgment by default against a married woman, on a contract made by her alone during coverture, without her husband being joined in the suit, is voidable, to say the least, and is subject to be vacated in a direct proceeding for that purpose. We do not think the provisions of the law can be waived by mere default of the married woman. A legal right to sue her can only be conferred by law and a compliance with the law, and not by waiver. Her warrant of attorney to confess a judgment would be void. Can she by default

waive a requirement of the law which she could not do by attempting to execute a formal written instrument having that effect? We do not think she can by waiver work an emancipation, subjecting her to liability, which has been denied by the Legislature. Cases where a married woman has been sued with her husband and fails to answer, or where she has been sued as a feme sole and appears and answers, failing to avail herself of her coverture, present different questions. However, in the recent case of Shaw v. Proctor, 193 S. W. 1104, in which a married woman was sued without the joinder of her husband, and she appeared by attorney and answered, without pleading her coverture, the Court of Civil Appeals at Dallas held that the judgment could be set aside in a direct attack.

The Legislature has at all times been much more liberal in permitting a married woman to sue than in allowing others the right to sue her, but in all cases of statutory exception the right is strictly construed. In the case of McIntire v. Chappell, 2 Tex. 378, a married woman undertook to prosecute a suit without the joinder of her husband. It was held that the suit should have been abated, and in discussing the question Chief Justice Hemphill used this language:

"As well by the laws of Spain as the statutes now controlling marital rights, the wife on marriage is disqualified from prosecuting and defending actions, without the authorization or joinder of her husband, except in * * * cases specially provided for by law. In the 9th section of the act to adopt the common law of England, Laws of 1840, p. 3, the powers of the husband and wife in relation to suits for the property of the wife are declared in the following terms:

" 'The husband may sue either alone or jointly with his wife, for the recovery of any of the effects of the wife, and in case he fail or neglect to do so, she may by the authority of the court sue for such effects in her own name.'

"The general rule then being that suit must be brought in the name of the husband alone, or of the husband and wife jointly, the grounds of the exception to the rule which authorize the action to be prosecuted in the name of the wife separately, ought to be positively averred and proven.

"Without such averment and proof—the binding obligation of the judgment, if rendered against the wife, would be at least very questionable.

"But apart from any of the consequences which might result from permitting suits to be carried in the names of persons who are not legally qualified stare in judicio, it seems to be a doctrine founded as well in reason, as in law, that where a party is permitted only on special grounds to prosecute or defend an action, that these should be averred and shown to the court, as being necessary to the exercise of its jurisdiction over the case."

We think this argument equally applicable where the attempt is made to proceed against

a married woman as defendant, when she is not qualified stare in judicio, except on compliance with a specific statutory requirement. See, also, Covington v. Burleson, 28 Tex. 368.

As touching the right to maintain suit against a married woman without joining her husband in the action, we refer also to the case of Carothers v. McNese, 43 Tex. 221. While the question of coverture was there raised upon the trial, so far as the fundamental fact of legal qualification is concerned we think this makes no difference. In that case the court said:

"Whatever may be the nature or character of a demand against a married woman, it is a well-settled general rule that her husband must be joined in the action. If in any case he need not be made a party, certainly the facts and circumstances which excuse his being joined in the suit must be alleged and shown in the petition."

In the case of Parsons v. Spencer, 83 Ky. 305, the Supreme Court of Kentucky, discussing the right of a married woman to avoid a personal judgment based upon an obligation for which she was not personally liable, used language which we think illustrates the point we here have in mind. In that case the court said:

"We are aware that it is a general principle that a party cannot impeach a judgment upon any ground which might have been pleaded as a defense, and that it has been said that, in order to insure safety to a purchaser at a judicial sale, made under a judgment rendered against a female defendant, after due service of process, she cannot be heard to say collaterally, or in another action, that she was married when the judgment was rendered, or incapable of contracting the alleged debt upon which it was rendered.

"If, however, as is unquestionably true, a judgment is void if the court rendering it had no jurisdiction for want of service of process, then it seems to us that it should be equally so if the one served with process is incapacitated by law from retaining an attorney, or has no such legal existence as authorizes a personal liability. In the one case the court has no jurisdiction, and in the other there is nothing within its jurisdiction which has a legal existence. By the judgment the alleged liability is simply placed upon a higher footing; and if before this it was void as to her, then the unauthorized judgment should not prejudice or conclude her, because she was not sui juris, and had no such legal existence in court as authorized a personal judgment."

The court then proceeds to say:

"In this state, whether a personal judgment may be rendered against her depends upon her legal status and the character of the claim; and although it may not show upon its face facts sustaining its validity, yet, as the legal presumption is in its favor, it should not, in our opinion, be, therefore, held conclusively to be void; but, upon the other hand, she should not be estopped from so showing."

The court then held that because of this presumption in favor of the judgment it could not be held void in a collateral attack.

In the case of Price v. Clapp, 119 Tenn. 425, 105 S. W. 864, 123 Am. St. Rep. 730, which was an action against a man and wife on a tort committed by the wife, the liability of the husband was involved, and in a discussion of that question the court said:

"It is because the wrong complained of is the wife's independent and personal act that she can be sued at all. It is well settled that the husband is not joined as defendant in such cases on the ground that the wife's misconduct is imputable to him, but for conformity's sake. His being a defendant results not from his participation in the wrong, but from the fact that the existence of the marriage relation makes it impossible for the injured party to sue the wife alone. To reach her, the husband must be joined in the action."

It would seem that this judgment in this regard falls in that class referred to by Chief Justice Gaines in the case of Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537, as being erroneous in fact. In that case statutory judgment was rendered against Amy N. Cruger and her husband on an appeal bond, there being nothing in the record to disclose coverture of Mrs. Cruger. After holding that the judgment was voidable because based on an obligation which Mrs. Cruger was not authorized by law to make, the court say:

"A judgment of a court may be erroneous either in fact or in law. When a court has made an erroneous ruling upon the record or upon the facts which are disclosed in the proceedings before it, it is error in law. Such error may be corrected by the court which committed it, during the term at which it was committed, upon motion for a new trial, or a motion for a rehearing, as the case may be; otherwise, when the error is not committed in a court of last resort, the remedy is by appeal or writ of error. Error of the former class occurs when, by reason of some fact, which is unknown to the court, it renders a judgment which is void or voidable. This may take place by reason of the coverture, infancy, or death of one of the parties, when the fact is not shown by the record at the time the judgment is rendered. When an infant has appeared by an attorney, or a married woman appears as a feme sole, or one of the parties die, and judgment is rendered in the suit, the judgment is erroneous, and at common law is subject to be set aside by a writ of error coram nobis."

The writ of coram nobis has been superceded in our jurisprudence by the remedy of a motion to vacate the judgment, which may be filed after the term at which the judgment was rendered.

The judgment against Mrs. Taylor in this case, but for the fact that her coverture was not disclosed by the pleadings and was unknown to the court, and but for the presumption which obtains that every judgment is valid when facts are not disclosed on its face

making it void, would unquestionably be void, because in contravention of the statute requiring her husband to be jointly sued with her.

[4] We are also of the opinion that the judgment against Mrs. Taylor was subject to be vacated because it was rendered upon a contract which, as affirmatively appears from the pleadings in the case and the undisputed evidence upon this hearing, was void, because made by Mrs. Taylor while under disability of coverture and without authority of law. This is so plainly and definitely decided by the cases of Cruger v. McCracken, supra; Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211, in which writ of error was refused; Shaw v. Proctor, supra, and other cases, as to require but little argument in support thereof.

As above set out, in this state married women, as to their ability to contract, are under all the disabilities of the common law, except where modified by statute, and this statutory authority must be strictly construed. Formerly the wife's power to contract was governed by the following provision of the statute:

"The wife may contract debts for necessaries furnished herself or children, and for all expenses which may have been incurred by the wife for the benefit of her separate property."

As stated by Judge Gaines in the case of Cruger v. McCracken:

"Under similar statutes in other states, where the right of a married woman to hold property has been established by law, and where she has been authorized to contract for certain specific purposes, her contract for a purpose other than such as is expressly authorized has been uniformly held void."

To like effect are the cases of Wadkins v. Watson, 86 Tex. 194, 24 S. W. 385, 22 L. R. A. 779; Kellett v. Trice, 95 Tex. 160, 66 S. W. 51; Flannery v. Chidgey, 33 Tex. Civ. App. 638, 77 S. W. 1034, affirmed in 98 Tex. 616; Stroter v. Brackenridge, 102 Tex. 386, 118 S. W. 634.

The provision above quoted is no longer in the statutes, and just what is the extent of the authority of a married woman to now contract we shall not attempt to say. It is only necessary to say that we do not think authority can be found in our statutes, by implication or otherwise, making the contract of a married woman for fuel oil to drill an oil well, using community property for that purpose, binding on her or her estate. Without such authority it would be a nullity. If it is a nullity, it could not be made the basis of a valid judgment against her. Whether a judgment by default against her on such an obligation would be void it is not necessary to determine. That it is voidable and subject to be vacated in a direct proceeding is beyond question.

In the case of Cruger v. McCracken judgment was rendered by the Court of Civil Appeals against a married woman on a supersedeas bond. Such a judgment we think is equally as binding as a judgment by default. The obligors on such a bond voluntarily submit themselves to the jurisdiction of the court and thereby consent for judgment to be rendered against them if the judgment is not reversed. Mrs. Cruger filed a motion to have the judgment set aside, and the Supreme Court held that as the execution of the bond by Mrs. Cruger was a nullity the court did not by reason of its execution acquire jurisdiction to render judgment against her. The judgment was ordered set aside, although there was nothing in the record to disclose the wife's disability at the time judgment was entered. At the time this decision was rendered there was no provision of the law such as is now contained in article 4624 as amended by Laws 1913, c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4624), forbidding the wife being surety on a bond without the joinder of her husband, and the question was decided solely upon the want of power in the wife under the common law to execute such an obligation.

In the case of Lane v. Moon, supra, a statutory judgment was rendered against a married woman on a replevy bond which she had signed as surety during coverture, without the knowledge or consent of her husband, in a suit to which neither she nor her husband was a party, and the court in that case held such judgment to be a nullity and subject to collateral attack. The court based its conclusion upon the proposition that under the law the married woman was not authorized to make the obligation which was the basis of the judgment, and, the obligation being void, the judgment based thereon was likewise a nullity. In discussing whether such a judgment was void or only erroneous the court makes it clear that if the record affirmatively disclosed that the debt on which the judgment was predicated was one the wife was not authorized by law to make, it would, in the opinion of the court, be void. The opinion contains this significant statement:

"It could not be contended that, if suit is brought against a married woman as a surety on such an instrument without her husband being joined with her as a defendant, a judgment rendered in it, attempting to bind either her separate estate or the community property, would be of any validity whatever."

The rule in Mississippi is:

"Followed to their logical and inevitable result, these rules establish the doctrine that a judgment against a feme covert is no more binding than her contract or other obligation, unless it affirmatively appears in the record to be in the special cases authorized by law." Cary v. Dixon, 51 Miss. 593.

A like doctrine applies in Pennsylvania. Swayne v. Lyon, 67 Pa. 436.

[5] It is contended, however, that to authorize the court to vacate such a judgment it is necessary to show that the party has a meritorious defense to the cause of action alleged. If this be true, yet the mere suggestion of coverture is a complete defense in the present instance under each of the propositions above stated. In the first place, as soon as coverture of Mrs. Taylor was disclosed, it would be absolutely necessary to have the joinder of her husband in the suit as a prerequisite to a valid judgment. In the second place, when coverture of Mrs. Taylor is shown to have existed at the time of the making of the contract sued on, and the pleading showing that the contract was one she had no lawful authority to make, it becomes apparent that the court can render no valid judgment against her. The language of Judge Neill in the case of Lane v. Moon is pertinent here:

"In the case under consideration it needs only to be shown, dehors the record, that Sarah M. L. Moon was a married woman when she signed the bond as surety and at the time the judgment was entered to make it appear absolutely certain that it was rendered upon a paper that created no more of a debt or obligation against her than it would had the name of the 'man in the moon,' instead of her own, been signed to it. Had suit been brought upon it against her, though joined with her husband, and all the facts regarding it been alleged and proved, the law would have authorized no judgment upon it, either against herself or husband, nor would it have recognized as of any validity at all any judgment which might have been entered against her in such a suit. This case bears no parallel to one where a paper in the form of a written obligation which may be evidence of a debt of such kind as a married woman may contract, and is signed, or purports to be signed, by one who is a feme covert, such as a promissory note, acceptance of a bill of exchange," etc.

In its opinion the Court of Civil Appeals makes the statement that "the wife, when sued, waives her defense of coverture by not properly pleading it." This statement, even in the light of the authorities cited by that court, is subject to very material qualifications. There is a vast difference between waiving the right to plead coverture as a defense to a cause of action, where the husband has been joined in the suit, and waiving a statutory requirement, which, as we believe, must be complied with before the wife is in position for waiver to be effective against her. There is also a difference in cases where the wife has been sued as a feme sole and appears and answers without pleading coverture. In such case it has been held that she cannot raise the defense of coverture for the first time on appeal. This is also an entirely different case from one where the wife and husband are sued jointly on a debt or demand which the record does not show the wife was without authority to make, there being nothing to disclose coverture, and judgment is by default. Whether the wife in such a case by default waives her defense of coverture as against a personal judgment and cannot attack such judgment in a collateral proceeding is the question now before the Supreme Court in the case of Williams v. Borchers (Tex. Civ. App.) 244 S. W. 1053, in which petition for mandamus is pending (259 S. W. ——). The same question, where the proceeding was a direct attack, is before the Supreme Court in the case of City National Bank of Colorado v. Gamel (Tex. Civ. App.) 241 S. W. 735, in which writ of error was granted (258 S. W. 1043). A decision of this question not being necessary, we do not discuss same, but call attention to it for the reason that the Court of Civil Appeals seems to have decided this case upon the theory of those cases.

This was not a collateral attack. While plaintiffs in error sought an injunction to restrain the sale of the property, they expressly prayed that the judgment be vacated and held null and void. Upon the hearing the proof showed that at the time the alleged contract was made and the judgment entered Mrs. Taylor was living with her husband, that the debt was not for necessaries and was not incurred for the benefit of her separate property, and no reason was alleged or proven why her husband was not made a party to the suit. For the reasons stated we think the judgment should have been vacated.

[6] For another reason the court erred in dissolving the injunction and in refusing to restrain the sale of the property sought to be sold. Article 4624 of our statute as amended by Laws 1913, c. 32, provides:

"Neither the separate property of the husband nor the community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property shall be subject to the payments of debts contracted by the wife, except those contracted for necessaries furnished her or her children."

However, the Legislature in the amendment of 1917 to article 4621 added the following:

"The community property of the husband and wife shall not be liable for debts or damages resulting from contracts of the wife, except for necessaries furnished herself and children, unless the husband joins in the execution of the contract." Vernon's Ann. Civ. St. Supp. 1918, art. 4621.

It is undisputed that the drilling rig was the community property of Mrs. Taylor and her husband, and it is likewise undisputed that the debt sued on was not contracted for necessaries furnished Mrs. Taylor or her children. Defendants in error proceed solely upon the theory that the debt was one contracted by Mrs. Taylor. The statute is plain,

and under either of the provisions quoted above the husband, and we think the wife also, had a right to enjoin the sale of the property.

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed and judgment be rendered in favor of plaintiffs in error vacating the judgment of January 10, 1921, and that sale of the property in controversy under said judgment be perpetually enjoined.

CURETON, C. J. Judgments of the district court and the Court of Civil Appeals both reversed, and judgment rendered in favor of plaintiffs in error vacating the judgment of January 10, 1921, and that the sale of the property in controversy under said judgment be perpetually enjoined.