## PETERSEN v. BERRY.

### No. 4675.

Court of Civil Appeals of Texas. Amarillo.

Nov. 30, 1936.

Rehearing Denied Jan. 4, 1937.

G. Frank Lipper, of Houston, for appellant.

P. Harvey and A. F. Sundermeyer, both of Houston, for appellee.

JACKSON, Justice.

The appellant, Henry A. Petersen, a regularly licensed and practicing physician and surgeon, instituted this suit in the county court at law of Harris county against the appellee, Mrs. Estelle Berry, the surviving widow of Roy P. Berry, deceased, to recover the sum of $500 which he alleges is a reasonable charge for medical services rendered by him to Roy P. Berry during his lifetime.

The petition contains the following alleged facts: That just before midnight on January 14, 1935, appellant was called by appellee and asked to come at once to her residence to render medical services to her husband. He complied with the request, and upon arrival found Roy P. Berry, whom he accepted as a patient at the instance of appellee, suffering with convulsions, of unsound mind, and mentally incompetent to transact business for himself. The condition of the patient necessitated his removal at once to a hospital, and an ambulance was called which carried him to the hospital, and during the remainder of the night appellant gave the patient his professional attention and services in an effort to save his life.

A few days later it became necessary to perform an operation on the frontal ethmoid sinuses of the patient, and appellant assisted in such operation. Thereafter an abscess formed on the frontal lobe of the brain of the patient, making it necessary to drain by an operation such abscess, and this operation was performed by appellant. About one week later the patient died.

From January 14, 1935, until death of deceased, the appellant visited him several times each day and night, and rendered such medical service as his condition required, but he continued mentally unsound.

Appellee advised appellant on January 14th that there was no community property and her husband had no separate estate, but she promised and agreed to pay appellant for his services to her husband out of her separate funds, and such promise was thereafter repeated from time to time until the death of deceased.

He says it is true that there is no community estate and no separate estate of the deceased, but that appellee has a separate estate of approximately $10,000 out of which she is able to pay for his services. He claims she is liable because she owed the duty to her husband to nurse and care for him during his last illness, and was in need of medical and surgical services for her husband, and such services constituted necessaries furnished to her, and for which she was legally obligated. That if not a legal duty, then there was imposed upon her a moral obligation by virtue of her marriage vows to secure services for her husband in his helpless condition on her own liability, and a failure to do so would cause a normal wife to suffer mental pain and anguish.

The court sustained a general demurrer urged to appellant's petition. He refused to amend, his case was dismissed, and this action of the court is before us for review.

Article 4623, R.C.S., so far as applicable to this case, is as follows: "Neither the separate property of the husband nor the

community property other than the personal earnings of the wife, and the income, rents and revenues from her separate property, shall be subject to the payment of debts contracted by the wife, except those contracted for necessaries furnished her or her children."

It is clear, we think, from the allegations in appellant's petition that he bases his cause of action on the provision of the statute which authorizes the wife to contract "for necessaries furnished her or her children." He contends that, since the husband was of unsound mind, without a separate estate, and there was no community property, this statute enabled the wife to bind her separate estate to pay appellant for the professional services rendered to the deceased.

In Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.(2d) 685, 687, the Supreme Court says: "We conclude that in view of existing statutes, the mere fact that her husband is insane does not have effect to enlarge the contractual powers of the wife, except in respect to community property."

In Flannery v. Chidgey, 33 Tex.Civ.App. 638, 77 S.W. 1034, 1035, it is held that the statute referred to above does not authorize a married woman to bind her separate property by a simple contract for the services of a nurse in taking care of her husband during his last sickness. The court, after quoting the statute, says:

"The authority so granted is strictly construed, and no appeal to the equitable powers of a court can be made to bind the wife by her contracts not executed under the provisions of the statute. Magee v. White, 23 Tex. 180; Haynes v. Stovall, 23 Tex. 625. The necessaries named in the statute are those for the married woman and her children, and not for her husband."

In Harris v. Williams, 44 Tex. 124, the court holds: "The wife is under no legal obligation to maintain the husband out of her separate estate. It is the duty of the husband to support his wife and children. Hence the wife's estate cannot be charged with necessaries for the husband."

Law of Marital Rights in Texas, by Judge Speer, 3d Ed., p. 237, summing up the holdings of the Texas cases and the reasons therefor, contains the following: "Necessaries for the husband are not a legitimate charge against her property. It is not one of the purposes for which she may herself charge it by simple contract.

The law nowhere requires the wife to support the husband even though he be insolvent."

Article 2279, R.C.S., in our opinion has no application to the instant case.

 Accepting the allegations in appellant's petition as true, as the law requires, we are in complete accord with appellant's allegations that the appellee was morally bound to pay appellant for his services, but this is not such a moral obligation as can be enforced by the laws of Texas.

The judgment is affirmed.